IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OSCAR GARNER,

          Plaintiff,

v.                                                                                                          ORDER

OFFICER KIRBY,                                                                    14-cv-545-jdp

          Defendant.

---

Pro se plaintiff Oscar Garner, a prisoner at the Wisconsin Secure Program Facility, is proceeding on a claim that defendant Officer Kirby sexually assaulted him during a pat-down search. Plaintiff has filed a motion to compel discovery, seeking documents related to defendant Kirby's employee file and discipline history, DOC policies regarding pat-downs, and records of the investigation into the incident at issue.

For the most part, defendant has appropriately applied to plaintiff's requests, either by providing the information plaintiff sought, explaining that the documents plaintiff assumes exists, do not, in fact, exist, or by properly objecting to them.

Plaintiff asked for all records pertaining to the incident at issue, and he has received them. Plaintiff seems to think that there should have been more records created, but the state explains that it has turned over everything it has. That is sufficient.

Plaintiff also seeks defendant Kirby's employee (and termination) records and discipline history. Defendant objects, but notes that Kirby was not terminated as a result of the incident at issue in this lawsuit, and that Kirby did not have any disciplinary actions against him for sexual assault or sexual misconduct while working for the DOC. That makes it difficult to see what else in those records could be useful to plaintiff. To the extent that plaintiff wants these documents to "show credibility issues," Dkt. 35, at 1, he does not need those documents now, at the summary

judgment stage. If this case proceeds past summary judgment, then the court will reevaluate the relevance of these documents *in camera*.

As for the DOC procedures regarding pat-downs, defendant has turned over one of the internal policies. *See* dkt. 33-2, at 5 ("Personal searches"). Otherwise, defendant says that those policies are confidential for security-based reasons; the DOC understandably does not want inmates to know too much about the procedures and techniques used by prison officials. On the other hand, the policies could be relevant to plaintiff's claim. Plaintiff seems to understand this conundrum, because he alternatively suggests that defendant submit the documents he seeks to the court *in camera* for review. I conclude that this is the appropriate course of action.

Other than this, plaintiff has received the documents he needs to litigate the case, at least for the summary judgment stage. In particular, plaintiff has been informed about how to view the video footage of the events at issue here, and the court has received a copy of that footage. Depending on the relevance of the DOC's pat-down procedures produced *in camera*, the court will either take further action on plaintiff's motion to compel production of those documents to him personally, or proceed directly to issuing a ruling on defendant's motion for summary judgment.

ORDER

It is ORDERED that plaintiff Oscar Garner's motion to compel discovery, dkt. 31, is DENIED with one exception: defendant may have until February 3, 2017, to submit *in camera* copies of the DOC policies relating to pat-down searches.

Entered this 26th day of January, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge