IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OSCAR GARNER,

                              Plaintiff,

    v.                                                              **OPINION & ORDER**

OFFICER KIRBY,                                              14-cv-545-jdp

                              Defendant.

---

Pro se plaintiff Oscar Garner is an inmate incarcerated at the Wisconsin Secure Program Facility (WSPF). He contends that defendant Matthew Kirby, a corrections officer at WSPF, subjected him to an improper pat-down search that violated his rights under the Eighth Amendment. In his complaint, Garner alleges that Kirby caressed his genitals, "going up and down and grabbing Garner's testicles through [his] pants" for more than three minutes. Dkt. 16.

Kirby moves for summary judgment. Dkt. 39. I have reviewed the documents filed by both parties concerning Kirby's motion, including an unredacted copy of the Division of Adult Institutions' Security Internal Management Procedure #13-a relating to pat-down searches that the court ordered Kirby to submit *in camera* in response to Garner's motion to compel. *See* Dkt. 50. Because Kirby adduces a video that disproves Garner's factual allegations and Garner points to no evidence that Kirby conducted the brief pat-down to humiliate or harass Garner, summary judgment in Kirby's favor is appropriate.

UNDISPUTED FACTS

The following facts are drawn from the parties' summary judgment materials and previous documents submitted in this litigation. The facts are undisputed except where noted.

Defendant Matthew Kirby is a correctional officer who works at the Waupun Correctional Institution (WCI). Plaintiff Oscar Garner is a prisoner in the custody of the Wisconsin Department of Corrections (DOC). He was incarcerated at WCI and housed in the segregation unit during the relevant events in this case. Prisoners in the segregation unit are allowed one hour of recreation four times a week in "recreation cells." On December 5, 2012, after Garner's recreation time, Kirby conducted a pat-down search of Garner that was recorded by a security camera. The search lasted approximately eight seconds. Kirby began the search by running his hands along Garner's arms and chest, then down to his abdomen. Garner then pulled away from Kirby and objected to the search. In response, Kirby stopped the pat search and returned Kirby to the recreation cell. Kirby did not touch Garner's genital area at all. Although Garner's initial description of the search in his complaint was very different,[1] he does not now dispute this description of the search.

---

[1] From the amended complaint:

> At about 6:15pm, officer kirby started from my neck patting me down in front of the other inmates, while rubbing my chest down until he got below my waist and when officer kirby got down to my genital he started to caressing my genitals going up and down and grabbing Garner's testicles through plaintiffs pants for about 3 minutes maybe 4 minutes, so Garner asked officer Kirby what are you doing?, And officer Kirby replyed this is protocal of Waupun institution and Garner started complaining more vigorously and protecting and officer Kirby just ignored Garner's Concerns and said: "That's nice and smiling and smirking saying it's true about size" . . . .

The parties now dispute Kirby's motivation for conducting the search: Kirby contends that he was looking for gloves that are normally left in the recreation cells during the winter months but had recently gone missing. Garner argues that not every recreation cell contains gloves, no gloves were missing from the recreation cells on December 5, and Garner removed his gloves in Kirby's presence, so Kirby had no reason to search Garner for gloves.

Garner filed a complaint in this court on August 5, 2014, Dkt. 1, and later amended his complaint, Dkt. 16.[1] I screened his amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and granted him leave to proceed with a claim under the Eighth Amendment for Kirby's conduct during the pat-down search. Dkt. 19. Kirby has now moved for summary judgment. I have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Garner's claim arises under federal law.

ANALYSIS

A. Summary Judgment

To succeed on a motion for summary judgment, Kirby must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummet v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in Garner's favor as the nonmoving party. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). If Garner fails to establish the existence of an essential element on

---

[1] Dkt. 16, at 1.

which he will bear the burden of proof at trial, summary judgment for Kirby is proper. *See Celotex*, 477 U.S. at 322.

Garner contends that Kirby's pat-down search was unconstitutional under the Eighth Amendment because it was calculated to humiliate and not motivated by a legitimate penological interest. To withstand summary judgment, Garner must point to admissible evidence that (1) Kirby's act objectively resulted "in the denial of 'the minimal civilized measure of life's necessities'" and (2) Kirby did so with a "sufficiently culpable state of mind," that is, that Kirby was deliberately indifferent to the risk of harm to Garner. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Garner points to no evidence of the first, objective prong of the test. Although "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights," *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012), there is no evidence in the record that Kirby touched Garner's genitals. A video of the incident shows Kirby briefly running his hands along Garner's arms, chest, and abdomen before Garner steps back and the search ends. Garner does not now dispute that the entire search lasted about eight seconds. Garner points to no evidence showing that Kirby's hands went below Garner's waist during the search. No reasonable juror could find that Kirby's act violated a prisoner's "extremely limited" expectation of privacy. *Whitman v. Nesic*, 368 F.3d 931, 935 (7th Cir. 2004) (quoting *Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir. 1987)). The video conclusively disproves Garner's original claim that Kirby caressed his genitals and grabbed his testicles for more than three minutes.

4

Nor has Garner shown that Kirby acted with deliberate indifference, that is, that Kirby "was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). Prison officials "must be accorded wide-ranging deference in matters of internal order and security." *Whitman*, 368 F.3d at 934-35 (quoting *Meriwether*, 821 F.2d at 417). Kirby contends that although searching inmates returning from recreation time is not common, he noticed several pairs of gloves missing from the recreation cells, so he searched Garner for gloves as Garner was leaving the recreation cell. Kirby's search was permitted by Department of Corrections policy: Wis. Admin. Code § DOC 306.17(1)(b)(1) allows correctional officers to conduct a pat-down search of a prisoner when they have reasonable grounds to believe that the prisoner possesses contraband, that is, something that the inmate is not supposed to possess.[2] Garner argues that he took off the gloves he was wearing during recreation time in front of Kirby, obviating the need for Kirby to search him for gloves. But even if Garner took off the gloves he was wearing, Kirby could have been searching for other gloves. Garner's supposition is merely speculation that Kirby had no legitimate motive. Kirby has shown that his search was motivated by a "legitimate interest in the safety and security of the staff, prison populace, and community." *Whitman v. Nesic*, 368 F.3d 931, 935-35 (7th Cir. 2004). Garner points to no evidence that Kirby was instead trying to harass or humiliate Garner. Garner's claim is particularly baseless in light of the fact that the search was only a brief pat-down of his upper body.

---

[2] Garner points to this policy in opposition to Kirby's summary judgment motion, *see* Dkt. 47, at 2; the same substantive policy is contained in Security Internal Management Procedure #13-a, which the court reviewed *in camera* in response to Garner's motion to compel. *See* Dkt. 51-1, at 2.

Kirby has shown that there is no genuine dispute of any material fact. Summary judgment in his favor is appropriate.

Garner's case got past the screening stage because he alleged that Kirby groped his genitals for several minutes. That allegation was not a good-faith error or a reasonable difference of opinion. It was a lie, and this case was based, from the start, on a frivolous allegation. I must assess Garner a strike under the PLRA. *See* 28 U.S.C. § 1915(g). If he accumulates two more strikes, he will not be able to proceed *in forma pauperis*, that is, as one not required to prepay the full filing fee, unless he can show that he is "under imminent danger of serious physical injury." *Id.*

**B.  Motion to limit Garner's access to Security Internal Management Procedure #13-a**

The court ordered Kirby to submit copies of the Department of Corrections' policies relating to pat-down searches *in camera* in response to Garner's motion to compel. *See* Dkt. 50. Kirby did so, submitting an unredacted version of the Division of Adult Institutions' Security Internal Management Procedure #13-a, regarding searches of inmates. *See* Dkt. 51-1. I considered the unredacted copy of S.I.M.P. #13-a as evidence when analyzing Kirby's summary judgment motion.

When submitting S.I.M.P. #31-a, Kirby noted that he had previously produced a redacted version of the policy to Garner. *See* Dkt. 51, at 2 and Dkt. 51-2. He asked the court to limit Garner's access to the unredacted version of the policy, explaining that "[p]roviding an inmate with a copy of the unredacted restricted policy creates a security risk at the institution." Dkt. 51, at 2. I have my doubts. Most of S.I.M.P. #13-a simply restates Wis. Admin. Code § DOC 306.17, which is already available to inmates and the general public.

6

And it is unclear how inmates' access to policies on when and how to conduct searches would create a security risk.

But because this case will be dismissed, I will deny Kirby's motion to limit Garner's access to the unredacted copy of the Division of Adult Institutions' Security Internal Management Procedure #13-a as moot. Because this case is not going to trial, Garner does not need access to the policy, and there is no need to determine what amount of access to give Garner to this document.

ORDER

IT IS ORDERED that:

1. Defendant Matthew Kirby's motion for summary judgment, Dkt. 39, is GRANTED, and this case is DISMISSED.

2. Defendant's motion to limit plaintiff Oscar Garner's access to an unredacted copy of Security Internal Management Procedure #13-a, Dkt. 51, is DENIED as moot.

3. In accordance with 28 U.S.C. § 1915(g), plaintiff is assessed a strike.

4. The clerk of court is directed to enter judgment for defendant and close this case.

Entered February 9, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge