IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

OSCAR GARNER,

            Plaintiff,

v.

OFFICER KIRBY,

            Defendant.

ORDER

14-cv-545-jdp
App. No. 17-2070

On February 9, 2017, I granted defendant Officer Kirby's motion for summary judgment and dismissed this case. Dkt. 53. Now plaintiff Oscar Garner has filed a notice of appeal and requests leave to proceed *in forma pauperis*. Dkt. 59. It appears that the notice of appeal is untimely because it was not filed within 30 days after entry of judgment as required by Federal Rule of Appellate Procedure 4. But because only the court of appeals may determine whether it has jurisdiction to entertain an appeal, *Hyche v. Christensen*, 170 F.3d 769, 770 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), I will consider only whether Garner may proceed *in forma pauperis*.

Garner's request for leave to proceed *in forma pauperis* on appeal is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether Garner's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith. Garner does not have three strikes against him, but I will deny Garner's request because his appeal is not taken in good faith. An appeal is taken in good faith when a reasonable person could suppose that the appeal has some merit. *Lee*, 209 F.3d at 1026. But I cannot certify that Garner's appeal is

taken in good faith. I granted Kirby's motion for summary judgment because security camera footage showed that Garner's allegation about Kirby's conduct was a lie. Garner has not shown a legally meritorious basis for his appeal.

Because I am certifying that Garner's appeal is not taken in good faith, he cannot proceed with his appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, Garner has 30 days from the date of this order to ask the court of appeals to review this court's denial of his request for leave to proceed *in forma pauperis* on appeal. With his motion, he must include a copy of this order in addition to the notice of appeal and affidavit he filed previously.

Garner has also filed a motion to use his release account funds to pay for the cost of obtaining a copy of his six-month trust fund account statement and for paying the initial partial filing fee for filing this appeal. Dkt. 60. Because I am certifying that his appeal is not taken in good faith, Garner does not need a copy of his six-month trust fund account statement, nor will the court assess him an initial partial filing fee, so I will deny this motion as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff Oscar Garner's motion for leave to proceed *in forma pauperis* on appeal, Dkt. 59, is DENIED because the court certifies that his appeal is not taken in good faith. If Garner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

2. Garner's motion for use of release account funds to pay for a copy of his trust fund account statement and for the initial partial filing fee in this appeal is DENIED as moot.

Entered June 14, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge