IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

OSCAR GARNER,

    Plaintiff,

v.

OFFICER KIRBY,

    Defendant.

ORDER

14-cv-545-jdp
App. No. 17-2070

On June 14, 2017, I denied plaintiff Oscar Garner's motion for leave to proceed *in forma pauperis* on appeal and found that the appeal was not taken in good faith. Garner then filed a motion to use release account funds to pay his entire $505 appeal filing fee. Dkt. 65. Before I entered a ruling on Garner's motion, the court of appeals dismissed Garner's appeal for failure to pay the filing fee. Dkt. 66. The court of appeals directed the clerk of this court to collect the filing fee from Garner's trust fund account "using the mechanism of *Section 1915(b)*." *Id.*

Garner must pay the full $505 filing fee because when a prisoner files a notice of appeal in addition to a motion for leave to proceed *in forma pauperis* on appeal, as Garner did in this case, he signals "an unconditional desire to appeal whether or not the fee will be deferred [and] irrevocably incurs an obligation to pay the fee." *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997), *overruled on other grounds by Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000). The full appeal filing fee "may be collected from the prisoner's trust account using the mechanism of § 1915(b)" of the Prisoner Litigation Reform Act, even if the appeal is dismissed for failure to pay the fee. *Id.* at 434. Presumably, the appeals court intended this

court to collect 20 percent of Garner's average monthly income each month under § 1915(b)(2) until the full filing fee has been paid. I will direct the clerk of court to notify Garner's institution of its obligation to deduct monthly payments until the filing fee has been paid in full.

That leaves Garner's motion for use of his release account funds. It is up to prison officials to decide how to apply the release-account regulations; federal courts generally cannot tell state officials how to apply state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). There is no federal law permitting this court to require state officials to submit an entire appellate filing fee by accessing a prisoner's release account funds. It is only when a prisoner's general account has insufficient funds to pay an initial partial filing fee payment that § 1915(b) permits this court to order an institution to access a prisoner's release account funds to satisfy that payment. *See, e.g.*, *Mosby v. Wommack*, No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account."); *see also Artis v. Meisner*, No. 12-cv-589, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority *requiring* the prison to disburse [plaintiff's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons . . . ."). So before Garner's appeal was dismissed, I would have denied his motion because I would not have had the authority to grant access to his release account funds for payment of his filing fee.

But now the § 1915(b) mechanism has come into play, although not because Garner

has been assessed an initial partial payment. As the Seventh Circuit has explained, "[t]he partial-prepayment mechanism under § 1915(b) applies only when a prisoner has been allowed to proceed *in forma pauperis*," *Newlin*, 123 F.3d at 432, and I denied Garner leave to proceed *in forma pauperis*. Instead, only § 1915(b)(2), the provision governing the collection of the balance of the filing fee, applies to Garner's case. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936 (W.D. Wis. 2005). That provision does not permit this court to order an institution to access a prisoner's release account funds to satisfy the monthly payment. *See id.* at 937 ("[N]othing in the fee collection provision of § 1915 can be read as requiring the state to allow a prisoner to pay off the balance of a federal court filing fee from money carried over several months in his release account . . . ."). So I will deny Garner's motion, and the monthly payments will be drawn from his trust account.

ORDER

IT IS ORDERED that:

1. Plaintiff Oscar Garner's motion for use of release account funds to pay the $505 appeal filing fee, Dkt. 65, is DENIED.

2. The clerk of court is directed to notify plaintiff's institution of its obligation to deduct monthly payments from Garner's account until the filing fee has been paid in full.

Entered August 22, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge